**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BLANCA M. HERNANDEZ-AGUIRRE, | Case No. 2:18-cv-00006-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

### I. INTRODUCTION

Before the Court is Plaintiff Blanca M. Hernandez-Aguirre's Motion for Remand, ECF No. 18, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 21.

For the reasons discussed below, the Court finds that the ALJ's opinion is not supported by substantial evidence and contains legal error that is not harmless. Therefore, the Court grants Plaintiff's motion and remands to Defendant for an award of benefits.

### II. BACKGROUND

On November 26, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since September 14, 2013. AR 27. Plaintiff was denied initially on June 2, 2014 and upon administrative reconsideration on May 1, 2015. AR 27. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on August 25, 2016 with the assistance of a Spanish language interpreter. AR 27, AR 50–57. In an opinion dated October 18, 2016, ALJ Cynthia R. Hoover found Plaintiff not disabled. AR 27–43. The Appeals Council

///

denied Plaintiff's request for review on October 27, 2017, rendering the ALJ's decision final. AR 1–6.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of September 14, 2013. AR 28. At step two, the ALJ found that Plaintiff has the following impairments which were severe in combination: mild degenerative disc disease of the cervical spine, depressive disorder, anxiety disorder, and Human Immunodeficiency Virus ("HIV"). AR 28–29. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 29–32.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c). He found that Plaintiff can lift and carry no more than twenty-five pounds frequently and fifty pounds occasionally; she can sit for six hours, cumulatively, in an eight-hour workday; she can stand and/or walk for six hours, cumulatively, in an eight-hour workday; and she is relegated to the performance of simple, repetitive tasks characteristic of the unskilled occupational base. AR 32–42. Based on this RFC, the ALJ found at step four that Plaintiff is capable of performing her past relevant work as a house cleaner. AR 42–43.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four.

**IV. DISCUSSION**

**A. New Medical Evidence**

Plaintiff argues that the Appeals Council erred in declining to consider Plaintiff's additional evidence. In support of Plaintiff's appeal, Plaintiff submitted additional medical records from Serenity Mental Health for the period of December 9, 2015 through January 26, 2017. AR 2, 58–68. The Appeals Council determined that the evidence did not show a reasonable probability of changing the outcome of the case, and therefore the Appeals Council did not consider or exhibit the new evidence. AR 2.

The additional medical records substantiate Plaintiff's claims of disabling mental impairments. The records document Plaintiff's ongoing depression, panic attacks, PTSD, and severe anxiety. AR 58–68. On July 7, 2016, treating psychiatrist Michael Mall, M.D. opined that

Plaintiff "is not capable of living independently" and "needs constant supervision." AR 64. Dr. Mall certified that, in his opinion, Plaintiff requires formal legal guardianship pursuant to Nevada statutory law. AR 64–65.

Following an ALJ hearing, a Court may incorporate new evidence into the record "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To be material, new evidence must bear "directly and substantially on the matter in dispute," and the plaintiff must demonstrate "a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." Mayes v. Massanari, 276 F.3d 453, 461–62 (9th Cir. 2001) (quoting Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982) & Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380–81 (9th Cir. 1983)).

The Court finds that the additional medical records from Serenity Mental Health are material and that there is good cause for Plaintiff's failure to incorporate them earlier in the proceedings. These records document ongoing treatment for Plaintiff's anxiety, AR 58–68, which she testified to being the reason she cannot work, AR 52. It is reasonably possible that the new evidence would have changed the outcome of the administrative hearing because the Certificate of Incapacity and Regarding the Need for Guardianship completed by Dr. Mall directly undermines the ALJ's conclusion that there was a lack of evidence in the record "to establish a medically required need [for Plaintiff] to be accompanied at all times by her husband." AR 42. The good cause prong of the standard is "liberally applied, where, as in the present case, there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary." Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988) (quoting Burton v. Heckler, 724 F.2d 1415, 1417–18 (9th Cir.1984)). The new records in part post-date the hearing and the Court finds no prejudice to Defendant, as Defendant has had a chance to respond to the new evidence before this Court and the Court finds no need to remand for additional proceedings, as discussed below.

**B. Plaintiff's Testimony**

Plaintiff argues that the ALJ erroneously rejected her testimony. The ALJ found that

Plaintiff's "impairments could reasonably be expected to cause some symptoms," but that "the intensity she alleged, and their impact on her functioning, were not supported by the totality of evidence." AR 42. As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of her symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996). As of March 2016, the Social Security Administration has eliminated the use of the term "credibility" from its policy, as "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. However, ALJs may continue to consider the consistency of a claimant's statements compared to other statements by the claimant and to the overall evidence of record. Id.

The Court finds in this case that the ALJ plainly made a credibility determination contrary to the policy change reflected by SSR 16-3p. The ALJ gave numerous reasons for discounting Plaintiff's testimony. First, the ALJ noted that while Plaintiff alleged significant pain, the spinal imaging records showed no acute abnormality, the progress notes reflected greatly unremarkable clinical exams, and her spinal and myalgia conditions required nothing more than conservative treatment. AR 29, 42. The ALJ found that Plaintiff "did not submit records from a single doctor that substantiated her allegations regarding the severity of her back/neck/bodily pain or other alleged impairments." AR 42. The ALJ therefore concluded that Plaintiff is "largely asymptomatic." AR 29. Second, the ALJ suggested that Plaintiff was insincere in representing that she did not receive some treatment due to lack of insurance and poverty. Specifically, the ALJ wrote that Plaintiff "said she attempted suicide one month ago, but she did not go to the hospital, due to a lack of insurance. However, she offered no explanation as to why she did not use gratuitous local care or care under the Affordable Care Act." AR 32. The ALJ further observed that "Primary care notes in June 2016 reflected that the claimant's co-pay amount was $0.00 for her office visit, contrary to her testimony that she could not afford $45.00 co-payments to attend counseling

sessions." AR 35–36. Third, the ALJ found that Plaintiff was at least sporadically noncompliant with her antiretroviral medication. AR 33, 34, 35, 42. Fourth, the ALJ suggested that Plaintiff had lied about why she stopped working: "She reportedly had panic attacks most of her life (worse over the past year), but had worked for years despite them. She, however, said that she stopped working, due to them, contrary to her statement to the consultative examiner (Exhibit 5F) that she had stopped working in April 2014." AR 36, see also AR 42 (noting that Plaintiff's complaints are contradicted by her reported work activity after the alleged onset date). Fifth, the ALJ seemed to find that Plaintiff lied about her activities of daily living: "In activities of daily living, the claimant had no convincing restriction. . . . [A]llegedly limited daily activities could not be objectively verified with any reasonable degree of certainty." AR 39–40. The ALJ further noted that there was "no clinical evidence of muscle wasting, motor loss, or muscular atrophy" which would prevent greater activities and that even if her daily activities were as limited as alleged, it would be difficult to attribute those limitations "to her medical conditions, as opposed to other reasons." AR 40. The ALJ also found that Plaintiff's complaints of disabling physical limitations were contradicted by her ability to design nails. AR 42. Sixth, the ALJ found "no convincing evidence" to support Plaintiff's allegation that she has to be accompanied at all times by her husband to manage her anxiety. AR 42. Seventh, the ALJ opined that "minimal clinical, imaging, or diagnostic evidence" supported Plaintiff's claims of panic disorder with agoraphobia, depression, mental sickness, and PTSD, as well as her HIV and her body pain. AR 42. Eighth, the ALJ found a contradiction in the fact that Plaintiff "had documented self-employment in the past, despite her reported fifth grade education." AR 42.

Additionally, the ALJ made several findings that implicitly rejected Plaintiff's testimony without actually acknowledging the conflict. For example, the ALJ repeatedly identified his belief that Plaintiff could drive. AR 31, 39, 40 ("Per testimony, she had a valid driver's license, suggesting sufficient ability to drive."); AR 40 ("She could . . . drive in her community."). This repeated observation is contrary to Plaintiff's hearing testimony that she "really do[es] not know" if she can drive a car because she "ha[s]n't driven in a long time." AR 52. As another example, the ALJ found that Plaintiff "maintained contact with family members" and "had no problem

getting along with authority figures, family, friends, neighbors, or others," AR 33, 40, contrary to Plaintiff's testimony that she does not like to go inside a grocery store, she is "afraid of everything," she cannot leave her home by herself, she has no friends that visit her, and she does not visit anyone else. AR 52–55. These statements by the ALJ disregard Plaintiff's contrary testimony without any specific, clear, and convincing reason for doing so.

The ALJ seems to have relied on a general implicit finding that Plaintiff was holistically not credible. It is error for an ALJ to "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 n.5 (9th Cir. 2017). It is also error for an ALJ to dedicate "[a] large part of the [ ] discussion" of a plaintiff's consistency with the record to "apparent inconsistencies unrelated to her symptoms." Martinez v. Berryhill, 721 F. App'x 597, 600 (9th Cir. 2017) (unpublished). Here, the ALJ repeatedly emphasized whether Plaintiff was "convincing." AR 31, 39, 41. The ALJ focused a large part of the discussion on purported inconsistencies in Plaintiff's work history and her financial ability to access treatment, and discounted aspects of her testimony without recognition or explanation.

In addition to focusing on overall credibility contrary to SR 16-3p, the ALJ erred because he did not discount Plaintiff's testimony for any clear or convincing reason supported by the substantial evidence.

First, the ALJ's conclusion that Plaintiff's imaging and progress notes did not reveal the degree of pain Plaintiff describes is not an appropriate reason to disregard her testimony, nor to conclude that Plaintiff is "largely asymptomatic." AR 29. A claimant "is *not* required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' Nor must a claimant produce 'objective medical evidence of the pain or fatigue itself, or the severity thereof.'" Garrison, 759 F.3d at 1014 (emphasis in original) (quoting Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996)).

Second, the ALJ did not give a clear or convincing reason for disbelieving that Plaintiff could not afford certain medical care. "Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." Gamble v. Chater, 68

F.3d 319, 321 (9th Cir. 1995). The ALJ did not identify what "gratuitous local care" was available to Plaintiff following her suicide attempt, nor did he consider whether Plaintiff is eligible to be insured under the Affordable Care Act and at what price. Additionally, it is unrealistic to hypothesize that insurance under the Affordable Care Act could have been available to Plaintiff immediately in the context of medically responding to a suicide attempt. Moreover, even assuming that affordable care alternatives exist, the ALJ did not ask Plaintiff any follow up questions when Plaintiff testified as follows: "I cannot go to the hospital because I have no health insurance." AR 53. Substantial evidence therefore does not support the implication by the ALJ that Plaintiff willfully declined to seek treatment that she knew was available and that she could afford. The ALJ also failed to explain why counseling sessions are necessarily free, and why Plaintiff's testimony that they cost $45 per session is inferentially false, just because Plaintiff *once* paid $0.00 for a *primary care* visit in June 2016. AR 35–36. A claimant's failure to receive medical treatment at times when the claimant lacks medical insurance "cannot support an adverse credibility finding." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007). The ALJ proffered no clear or convincing reason to disbelieve Plaintiff's allegations of poverty and limited access to medical care.

Third, the ALJ did not give clear or convincing reasons supported by substantial evidence for finding less credible Plaintiff's allegations of pain and mental health symptoms on the basis of her sporadic noncompliance with her antiretroviral medication. AR 33, 34, 35, 42. "Where a claimant provides evidence of a good reason for not taking medication for her symptoms, her symptom testimony cannot be rejected for not doing so." Smolen, 80 F.3d at 1284. Plaintiff has proffered evidence that she needs reminders to take her medication, AR 182, 204, 219, and that she has no health insurance, AR 53, either or both of which could explain the sporadic lapses in antiretroviral medication use. However, the ALJ did not consider these explanations or ask Plaintiff about her noncompliance at the hearing. Moreover, and importantly, the ALJ does not explain which pain or mental health symptoms were treated by Plaintiff's antiretroviral regimen and which symptoms therefore could be inferred to be less disabling than alleged. Because there is no evidence that Plaintiff's antiretroviral medications treated any symptoms related to her pain

or mental health impairments, it was not appropriate for the ALJ to use this noncompliance to cast doubt on Plaintiff's symptomology as a whole. See Trevizo v. Berryhill, 871 F.3d 664, 681 (9th Cir. 2017) (identifying error in the ALJ's credibility assessment where the ALJ found that if the plaintiff were compliant with her diabetes medication, her dizziness would improve, because no treatment notes made any connection between the plaintiff's dizziness and her medication noncompliance).

Fourth, the ALJ's suggestion that Plaintiff lied about her work history is not supported by substantial evidence. The ALJ compares a record dated September 19, 2013, which states that Plaintiff's panic attacks "have been more severe over the past 1 year" and that "[s]he has had to stop working due to these attacks," AR 275, with the record of the consultative examination on April 16, 2015, which notes that Plaintiff "last worked one year ago as a personal care provider," AR 333. First, the ALJ seemed to find that the 2013 statement was a lie or misrepresentation. AR 36 ("She, however, said [at the September 19, 2013 appointment] that she stopped working . . . contrary to her statement to the consultative examiner [on April 16, 2015]."). But these statements are not inconsistent; to the extent Plaintiff conducted some work as a personal care provider in 2014, she cannot have prospectively lied about that work in 2013. Second, the ALJ found that this notation in the April 16, 2015 consultative examination record "suggested that [Plaintiff] worked after the alleged onset of disability, despite the lack of any reported income in 2014." AR 39. But it is far from clear that Plaintiff actually engaged in any work in 2014, as there are no income records and no other indications in the record that would suggest that Plaintiff worked as a personal care provider after 2012. However, the ALJ declined to ask any clarifying questions regarding Plaintiff's work history at the hearing, and instead stated on the record that Plaintiff had not engaged in substantial gainful employment since 2012, thereby giving Plaintiff no opportunity to respond to this later-identified minor inconsistency. See AR 52. The Court finds that such a minor discrepancy is not a reasonable basis upon which to discredit any aspect of Plaintiff's testimony, particularly in light of SSR 16-3p, which instructs ALJs to focus on symptom evaluation and not on a claimant's character for truthfulness.

///

Fifth, and similarly, the ALJ's suggestion that Plaintiff lied about her activities of daily living is not supported by substantial evidence. The ALJ sought "clinical evidence of muscle wasting, motor loss, or muscular atrophy" in order to support Plaintiff's characterization that she does not do "much of anything during the day." AR 40. The ALJ's conclusion implicitly, but not clearly or convincingly, denies Plaintiff's allegations of mental health symptoms as the cause of her limited activities of daily living. But pursuant to Plaintiff's testimony at the hearing, anxiety is the crux of her disability and the reason she cannot work or leave the home alone. AR 52–53. This level of disabling anxiety is supported by the substantial evidence. The record shows that Plaintiff has been treated for ongoing nightmares, flashbacks, daily panic attacks, and insomnia since September 2013. AR 275, 282, 288, 307, 346, 350, 355–63. The ALJ did not explain what clinical evidence or objective verification would be required to verify that Plaintiff's anxiety symptoms had as severe an impact on her activities of daily living as alleged. The ALJ also did not give a clear or convincing reason for finding that Plaintiff's self-reported ability to paint her own nails at home contradicted her alleged limitations in activities of daily living. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment." Smolen, 80 F.3d at 1284 n.7. The fact that Plaintiff's self-reported hobbies constituted only watching TV and YouTube, painting her own nails, and "sometimes" walking is consistent with her testimony that she suffers from anxiety symptoms that prevent her from leaving the home alone and engaging in full-time work. AR 52–53, 206.

Sixth, Plaintiff's allegation that she must always be accompanied by her husband to manage her anxiety is supported by substantial evidence. As discussed above, the medical evidence documents ongoing severe mental health symptoms. The severity of these symptoms is apparent; for example, records from Serenity Mental Health in February 2015 document a GAF score of 37. AR 350. This GAF score is associated with "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." Global Assessment of Functioning (GAF) Scale, DSM-IV-TR, at 34. The ALJ did not give a clear or convincing reason to discount Plaintiff's testimony and did not explain what "convincing evidence" the ALJ would

have needed to believe Plaintiff's allegation as to the severity of her anxiety symptoms. AR 42. Moreover, as discussed above, Plaintiff has since submitted evidence that documents in express terms Plaintiff's medical need to be constantly supervised by a formal legal guardian. AR 64–65.

Seventh, the ALJ did not give a clear or convincing reason for requiring greater "clinical, imaging, or diagnostic evidence" to support Plaintiff's "reported back pain, neck pain, all over bodily pain, panic disorder with agoraphobia, depression, mental sickness, HIV, or PTSD." AR 42. These types of "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834. Each of the conditions listed by the ALJ is diagnosed in the record by one or more medical professionals. Each condition would be associated with different types of clinical, imaging, or diagnostic evidence. The ALJ failed to specifically identify what evidence in the record was lacking that would be necessary in order for the medical record to be found consistent with Plaintiff's allegations. Moreover, as discussed above, because the ALJ found that Plaintiff's impairments could reasonably be expected to cause some degree of symptoms, AR 42, Plaintiff was "*not* required to show" objective medical evidence to substantiate the severity of her symptoms. Garrison, 759 F.3d at 1014 (emphasis in original).

Eighth, the ALJ's suggestion that Plaintiff lied about either her work history or her educational history is not supported by substantial evidence. AR 42 ("She had documented self-employment in the past, despite her reported fifth grade education."). At the hearing, the ALJ established that Plaintiff ceased attending school in approximately the fifth grade and that she worked as a self-employed house cleaner in 2004 and 2005. AR 52. Performance of this unskilled job is not inconsistent with Plaintiff's reported educational history. Plaintiff does not contend that her fifth-grade education prevents her from working. Moreover, the ALJ found that Plaintiff had the RFC to *continue* her past relevant work as a house cleaner, AR 43, despite her reported educational background. This statement, like several others discussed above, highlights the ALJ's general suspicion of Plaintiff's honesty in violation of SSR 16-3p.

The Court finds that the ALJ's disbelief of Plaintiff's testimony was not harmless. The ALJ stated that the inconsistencies identified in Plaintiff's testimony and representations are what

"tipped the scale towards a finding that she was not disabled." AR 42. As discussed below, if Plaintiff's testimony were credited, Plaintiff would necessarily be found disabled.

### C. Remand for Benefits

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the improperly discredited evidence were credited as true, the Court will remand for an award of benefits. See Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

First, the Court finds that the record has been fully developed and that further administrative proceedings would serve no useful purpose. Next, for the reasons discussed above, the ALJ failed to provide legally sufficient reasons to rejecting Plaintiff's testimony. Lastly, it is apparent that if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. The vocational expert testified that there is no work a person could perform if she would miss two or more days of work a month. AR 56. Plaintiff testified that her anxiety symptoms have become so severe that she cannot leave her house without her husband, and that her husband has had to cease working to take care of her full-time. AR 53. While these allegations are supported by substantial evidence in the record before the ALJ, they are more directly corroborated by the July 7, 2016 evidence submitted after the hearing, verifying that Plaintiff has a medical need for constant supervision and formal legal guardianship under Nevada law. AR 64–65. Plaintiff plainly could not attend work with fewer than two absences per month if she cannot leave her home and has a medical need for constant supervision. Therefore,

the Court finds that the record directs a finding that Plaintiff is disabled and remands for an award of benefits.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Blanca M. Hernandez-Aguirre's Motion for Remand (ECF No. 18) is GRANTED and Defendant's Nancy A. Berryhill's Cross-Motion to Affirm (ECF No. 21) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED**: September 6, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**